# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 01-2455

_____

|  |  |  |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | Appeal from the United States |
| | * | District Court for the Western |
| v. | * | District of Missouri. |
| | * | |
| Bruce W. Cox, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: November 13, 2001

Filed: November 23, 2001

_____

Before McMILLIAN, FAGG, and MORRIS SHEPPARD ARNOLD, Circuit Judges.

_____

PER CURIAM.

Bruce W. Cox pleaded guilty to conspiracy to manufacture and distribute methamphetamine in violation of 21 U.S.C. §§ 841 and 846, and possession of a firearm in relation to a drug trafficking crime in violation of 18 U.S.C. § 924. In the plea agreement, Cox and the Government stipulated that in applying the Sentencing Guidelines, "the amount of methamphetamine attributable to [Cox], including relevant conduct, is at least 50 grams but less than 200 grams of a substance containing a mixture of methamphetamine." The presentence report repeated the drug quantity stipulation, and Cox did not contest the presentence report's facts. At

sentencing, the district court[*] applied the statutory mandatory minimum sentence of five years corresponding to the amount of methamphetamine specified in the plea agreement and presentence report. 21 U.S.C. § 841(b)(1)(B)(viii) (Supp. V 1999) (in offense involving fifty grams or more of mixture containing methamphetamine, defendant shall be sentenced to not less than five and not more than forty years).

On appeal, Cox contends the district court could not convert the amount of ephedrine seized into methamphetamine for the purpose of deciding whether his offense involved at least fifty grams of methamphetamine. The district court properly based drug quantity on Cox's stipulation that his offense involved "at least 50 grams of a mixture containing methamphetamine," however.

Cox also asserts that because the indictment did not specify drug quantity, his sentence violates Apprendi v. New Jersey, 530 U.S. 466, 490 (2000) (other than fact of earlier conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be charged in an indictment, submitted to a jury, and proven beyond a reasonable doubt). Because Cox's sentence is less than the twenty-year maximum authorized in 21 U.S.C. § 841(b)(1)(A) without regard to drug quantity, Apprendi does not require Cox's drug quantity to be charged in his indictment. United States v. Aguayo-Delgado, 220 F.3d 926, 934 (8th Cir.), cert. denied, 531 U.S. 1026 (2000). Cox acknowledges his argument is foreclosed by our decision in Aguayo-Delgado and argues the case is wrongly decided, but one panel of this court must follow the decision of other panels until overruled by the en banc court. United States v. Ortega, 150 F.3d 937, 947 (8th Cir. 1998).

We thus affirm Cox's sentence.

---

[*]The Honorable Dean Whipple, Chief Judge, United States District Court for the Western District of Missouri.

-2-

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.